**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,**<br>as Subrogee of JOANNE M. BURGESS<br>North Plaza, 2775 Sanders Road<br>Northbrook, IL 60062,<br>Plaintiff<br>vs.<br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br>105 Challenger Road<br>Ridgefield Park, NJ 07660,<br>Defendant. | : | NO. CA 06 536ML<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Allstate Insurance Company ("Allstate"), as subrogee of Joanne M. Burgess, by and through its attorneys, Roberts, Carroll, Feldstein & Peirce, upon information and belief, hereby alleges the following:

**PARTIES**

1. Plaintiff, Allstate, is an Illinois corporation with a principal place of business located at North Plaza, 2775 Sanders Road, Northbrook, Illinois, 60062, and at all times material hereto, was authorized to issue insurance policies in the State of Rhode Island.

2. Defendant, Samsung Electronics America, Inc. ("Samsung") is a New York corporation with a principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey, and at all times material hereto, was engaged in the business of designing, engineering, manufacturing, testing, inspecting, distributing, supplying, and selling electronics products, including projection screen televisions.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 in view of the parties' diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs of this action.

4. Venue is properly laid in this judicial district because the events giving rise to plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

5. At all times material hereto, Allstate's insured, Joanne M. Burgess, owned the real property located at 65 Raven Circle, Cranston, Rhode Island 02921 ("the subject premises").

6. At all times material hereto, Allstate provided property insurance coverage to Ms. Burgess for, inter alia, to her real and personal property and for additional living expenses.

7. Prior to November 25, 2005, Ms. Burgess purchased a Samsung projection screen television.

8. On November 25, 2005, a fire occurred at the Burgess residence

9. The cause of the fire resulted from a malfunction and/or defect in the subject Samsung projection screen television.

10. As a result of the aforementioned fire, Ms. Burgess sustained severe and extensive damages to her real and personal property, and incurred additional expenses, in an amount in excess of $150,000.

11. Pursuant to its policy of insurance, Allstate paid Ms. Burgess in excess of $150,000 to repair and replace her damaged real and personal property and to reimburse her for expenses incurred as a result of the fire.

12. By virtue of its payment and pursuant to the terms of the aforementioned insurance policy, Allstate is subrogated to Ms. Burgess' right of recovery from Samsung.

**COUNT I – STRICT PRODUCTS LIABILITY**

13. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

14. At all times material hereto, defendant Samsung was in the business of designing, engineering, manufacturing, testing, inspecting, distributing, supplying, and selling electronics products, including projection screen televisions throughout the United States.

15. Prior to November 25, 2005, defendant Samsung designed, manufactured, tested, distributed, and placed into the stream of commerce the subject projection screen television.

16. On or about November 25, 2005, the subject projection screen television malfunctioned due to defects in the design and/or manufacture, causing a fire at the Burgess residence.

17. The ensuing fire spread through the Burgess' residence and caused extensive damage and destruction to Ms. Burgess' real and personal property.

18. The projection screen television was defective and unreasonably dangerous at the time it left the control of defendant Samsung, up to and including November 25, 2005.

19. As a direct and proximate result of the dangerous and defective condition of the subject projection screen television, the television malfunctioned and ignited a fire that spread throughout the Burgess' residence, causing extensive damage to Ms. Burgess' real and personal property.

20. As a result of the fire, plaintiff Allstate made payments to Ms. Burgess in excess of $150,000 to repair and replace her damaged property.

WHEREFORE, plaintiff Allstate prays that judgment be entered in its favor and against defendant Samsung Electronics America, Inc. in an amount in excess of $150,000, plus interest, costs and expenses, and such other and further relief as this Court may deem proper.

**COUNT II – NEGLIGENCE**

21. Plaintiff realleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

22. At all times material hereto, defendant Samsung owed a duty to Ms. Burgess to exercise due care and caution in designing, engineering, manufacturing, testing, inspecting, distributing, supplying, and selling the subject projection screen television so as to avoid harming or damaging Ms. Burgess' property.

23. On or about November 25, 2005, the subject projection screen television malfunctioned and ignited a fire at the Burgess residence, causing destruction and damage to Ms. Burgess' real and personal property.

24. Notwithstanding the aforesaid duty and in breach thereof, defendant Samsung committed one or more of the following negligent acts and/or omissions:

(a) carelessly, negligently, and improperly designing and/or manufacturing the projection screen television;

(b) carelessly, negligently, and/or improperly failing to warn users and consumers of the probability and likelihood of a malfunction which may result in fire;

(c) manufacturing, designing, distributing, supplying, and/or selling the subject projection screen television that was defective in design and/or manufacture;

(d) manufacturing, designing, distributing, supplying, and/or selling the subject projection screen television in a defective condition that defendant knew or should have known subjected plaintiff's insured to an unreasonable risk of harm;

(e) manufacturing, designing, distributing, supplying, and/or selling the defective projection screen television that malfunctioned in the absence of abnormal use;

(f) such other and further acts that may be discovered during the pendency of this matter.

25. At all times material hereto, Ms. Burgess exercised due care and caution for her own safety, including the safety of her real and personal property.

26. As a direct and proximate result of the aforesaid negligent, careless, and/or improper acts of defendant Samsung, the subject projection screen television ignited a fire that spread throughout Ms. Burgess' residence, causing extensive damage to the Burgess' real and personal property.

27. As a result of the fire, plaintiff Allstate has paid Ms. Burgess in excess of $150,000 to repair and replace her damaged property.

WHEREFORE, plaintiff, Allstate, prays that judgment be entered in its favor and against defendant Samsung Electronics America, Inc. in an amount in excess of $150,000, plus interest, costs and expenses, and such other and further relief as this Court may deem proper.

**COUNT III – BREACH OF WARRANTY**

28. Plaintiff realleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

29. Prior to November 25, 2005, Ms. Burgess purchased the subject projection screen television that was designed, manufactured, tested, supplied, and sold by defendant Samsung.

30. By selling, distributing, and supplying the subject projection screen television, defendant Samsung expressly and/or impliedly warranted that the projection screen television was of good, safe, and merchantable quality and fit for its ordinary and intended use.

31. Defendant Samsung breached its express and implied warranties by failing to sell, distribute, and supply a good, safe, and merchantable projection screen television and by failing to sell, distribute, and supply a projection screen television that was fit for its ordinary and intended use.

32. As a direct and proximate result of Samsung's breach of its express and/or implied warranties, the television malfunctioned and ignited a fire that spread throughout the Burgess' residence, causing extensive damage to the Burgess' real and personal property.

33. As a result of the fire, plaintiff, Allstate, has paid Ms. Burgess in excess of $150,000 to repair and replace the damaged property.

WHEREFORE, plaintiff, Allstate, prays that judgment be entered in its favor and against defendant Samsung Electronics America, Inc. in an amount in excess of $150,000, plus interest, costs and expenses, and such other and further relief as this Court may deem proper.

ALLSTATE INSURANCE COMPANY
as subrogee of JOANNE M. BURGESS
BY ITS ATTORNEYS

ROBERTS, CARROLL, FELDSTEIN & PEIRCE

BY:____________________

MARCO P. URIATI, ESQUIRE #5561
Ten Weybosset Street, 8th Floor
Providence, Rhode Island 02903
(401) 521-7000 telephone
(401) 521-1328 facsimile
muriati@rcfp.com

DATED: 12-8-06

OF COUNSEL:
JOHN R. SLATTERY, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2068 telephone
(215) 701-2068 facsimile
jslattery@cozen.com