UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY,<br>as Subrogee of Joanne M. Burgess<br>North Plaza, 2775 Sanders Road<br>Northbrook, IL 60062<br>*Plaintiff* | : | |
| vs. | : | C.A. No. 06-536 |
| SAMSUNG ELECTRONICS<br>AMERICA, INC.<br>105 Challenger Road<br>Ridgefield Park, NJ 07660<br>*Defendant* | : | |

**DEFENDANT S ANSWER TO COMPLAINT**

Now comes Defendant, ***Samsung Electronics America, Inc.***, and hereby responds to Plaintiff s, ***Allstate Insurance Company, as Subrogee of Joanne M. Burgess***, Complaint as follows:

**Parties**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff s Complaint, and therefore, denies same.

2. Defendant admits that it is a New York corporation with a principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey, but denies the remaining allegations set forth in Paragraph 2 of Plaintiff s Complaint.

## Jurisdiction and Venue

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff s Complaint, and therefore, denies same.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff s Complaint, and therefore, denies same.

## General Allegations

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff s Complaint, and therefore, denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff s Complaint, and therefore, denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff s Complaint, and therefore, denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff s Complaint, and therefore, denies same.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff s Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff s Complaint, and therefore, denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff s Complaint, and therefore, denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff s Complaint, and therefore, denies same.

**Count I - Strict Products Liability**

13. Defendant hereby restates its responses to the preceding paragraphs of Plaintiff s Complaint as if fully set forth herein.

14. Defendant denies the allegations set forth in Paragraph 14, Count I, of Plaintiff s Complaint.

15. Defendant denies the allegations set forth in Paragraph 15, Count I, of Plaintiff s Complaint.

16. Defendant denies the allegations set forth in Paragraph 16, Count I, of Plaintiff s Complaint.

17. Defendant denies the allegations set forth in Paragraph 17, Count I, of Plaintiff s Complaint.

18. Defendant denies the allegations set forth in Paragraph 18, Count I, of Plaintiff s Complaint.

19. Defendant denies the allegations set forth in Paragraph 19, Count I, of Plaintiff s Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, Count I, of Plaintiff s Complaint, and therefore, denies same.

**Count II - Negligence**

21. Defendant hereby restates its responses to the preceding paragraphs of Plaintiff s Complaint as if fully set forth herein.

22. Defendant denies the allegations set forth in Paragraph 22, Count II, of Plaintiff s Complaint.

23. Defendant denies the allegations set forth in Paragraph 23, Count II, of Plaintiff s Complaint.

24. Defendant denies the allegations set forth in Paragraph 24, Count II, of Plaintiff s Complaint.

25. Defendant denies the allegations set forth in Paragraph 25, Count II, of Plaintiff s Complaint, and therefore, denies same.

26. Defendant denies the allegations set forth in Paragraph 26, Count II, of Plaintiff s Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, Count II, of Plaintiff s Complaint, and therefore, denies same.

**Count III - Breach of Warranty**

28. Defendant hereby restates its responses to the preceding paragraphs of Plaintiff s Complaint as if fully set forth herein.

29. Defendant denies the allegations set forth in Paragraph 29, Count III, of Plaintiff s Complaint.

30. Defendant denies the allegations set forth in Paragraph 30, Count III, of Plaintiff s Complaint.

31. Defendant denies the allegations set forth in Paragraph 31, Count III, of Plaintiff s Complaint.

32. Defendant denies the allegations set forth in Paragraph 32, Count III, of Plaintiff s Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, Count III, of Plaintiff s Complaint, and therefore, denies same.

**WHEREFORE,** Defendant, ***Samsung Electronics America, Inc.,*** demands judgment against Plaintiff for costs.

**First Affirmative Defense**

Any damages which Plaintiff sustained, which is specifically denied, were a result of the negligence of a party or parties over whom this Defendant had no control.

**Second Affirmative Defense**

The product which allegedly gave rise to Plaintiff s damages was not designed or manufactured by this Defendant.

**Third Affirmative Defense**

If any products or materials of this Defendant were involved in any manner as alleged in the Complaint, then such product was misused or improperly used by Plaintiff and/or others and was substantially modified in a manner neither known to or foreseeable by this Defendant.

**Fourth Affirmative Defense**

This Defendant neither expressed nor implied any warranties concerning this product to Plaintiff.

**Fifth Affirmative Defense**

As to any claim of breach of warranty, Plaintiff failed to give notice of any breach of such warranty.

**Sixth Affirmative Defense**

Plaintiff was comparatively negligent.

**Seventh Affirmative Defense**

Plaintiff s claim of breach of warranty is barred by the Statue of Limitations.

**SAMSUNG ELECTRONICS AMERICA, INC.**

By its Attorneys,

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE pc**
One Turks Head Place, Suite 810
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538
angelonelaw@aol.com

Dated: April 16, 2007

Defendant, ***Samsung Electronics America, Inc.***, hereby claims a trial by jury.

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373

**CERTIFICATION**

I hereby certify that on this 16th day of April, 2007, I caused a copy of the within ***Answer to Complaint*** to be electronically transmitted to the following attorney(s) of record:

Richard M. Peirce, Esq. rpeirce@rcfp.com
jmusgrave@rcfp.com
ppost@rcfp.com

John R. Slattery, Esq. jslattery@cozen.com

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373