UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, as Subrogee of Joanne M. Burgess *Plaintiff* | : | |
| vs. | : | C.A. No. 06-536 |
| SAMSUNG ELECTRONICS AMERICA, INC. *Defendant* | : | |

**DEFENDANT S, SAMSUNG ELECTRONICS AMERICA, INC., PRE-TRIAL MEMORANDUM**

Now comes Defendant, ***Samsung Electronics America, Inc.*** (hereinafter SEA ), and hereby provides the following pre-trial memorandum:

1. Witnesses:

A. Mr. Jeong Hwan On of SEA

Mr. Hwan has been an employee of SEA for the past sixteen years. His title is Senior Engineering Manager of the Customer Satisfaction Division. He will testify about the design and manufacture of the Samsung projection television at issue. In particular, Mr. On will testify about the safety devices equipped in the television and the materials used in the construction of the television that are designed to prevent a fire from igniting if there is an electrical malfunction that occurs inside the television.

B. Mr. Lawrence Sacco of Affiliated Engineering Inc. (Edison, New Jersey)

Mr. Sacco has been retained to serve as Samsung defense expert in this case. Mr. Sacco will testify about his analysis of the manufacture and

design of the subject television. He will testify about the observations he made when examining the remains of the subject television and the burn patterns depicted in the photographs taken of the fire scene by Plaintiff s experts. Mr. Sacco will testify about the safety testing performed on the subject television by Underwriter s Laboratories and the results of that testing. Mr. Sacco will respond to the opinion testimony offered by Plaintiff s experts as to their theory on how the television supposedly ignited the fire in question. Mr. Sacco will testify that it is his professional opinion to a reasonable degree of engineering and scientific certainty that the television was a victim of the fire and not the cause as believed by Plaintiff.

2. Facts:

On November 25, 2005 a fire occurred at the residence of JoAnne Burgess located at 65 Raven Circle in Cranston, Rhode Island. As a result of the fire, Allstate Insurance Company, Ms. Burgess s homeowner s insurance carrier, paid a total of $165,000 to reimburse Ms. Burgess for the damages she incurred as a result of the fire in question. The fire was first reported to the Cranston Fire Department at approximately 4:20 p.m. On the day of the fire, Ms. Burgess was not home. However, her teenage sons, Andrew Burgess and Tom Burgess were both home, along with a friend, who has not been identified. The fire was first discovered by Andrew Burgess. Upon discovering the fire, Andrew immediately left the home and notified the fire department. Tom Burgess had left the home with his unidentified friend approximately one-half hour before the fire was

discovered by Andrew. Tom had been using the television before he left the house. According to Tom and Andrew, there was nothing unusual with respect to how the television was operating immediately before the fire. They did not notice any unusual smells or noises emanating from the television and its reception was fine.

Mr. Tom Zarek, Plaintiff s retained cause and origin investigator inspected the fire scene for the purposes of determining its cause shortly after the fire occurred. SEA was not afforded an opportunity to inspect the fire scene. SEA was notified of this loss and Allstate s claim that the television was the cause of this fire on January 6, 2006.

3. Damages:

Allstate claims it paid a total of $165,000 as a result of this loss. This figure represents the amount paid to JoAnne Burgess for structural repairs to her home, replacement of damaged or destroyed contents and alternative living expenses.

4. Issues:

A. Was the subject television defectively designed?

B. Was the subject television defectively manufactured?

C. Was a defective design of the television the cause of the fire in question?

D. Was a manufacturing defect of the television the cause of the fire in question?

5. Pre-trial Motions:

Defendant SEA will file a motion in limine to preclude Plaintiff s expert Andrew Diamond from testifying at trial on the basis that the proffered testimony from expert Diamond is not admissible under Rule 702 of the *Federal Rules of Evidence* and pursuant to the opinion handed down by the United States Supreme Court in *Daubert v. Merrell Down Pharmaceuticals*, 509 U.S. 579 (1993). Mr. Diamond has not conducted any testing to support his theory that the fire in question was ignited by an electrical malfunction inside the subject television. In addition, Mr. Diamond s opinions are conclusory, are not supported by scientific or research evidence and are speculative. Mr. Diamond cannot identify the specific component or components equipped in the subject television that he believes are the source for the fire. Mr. Diamond cannot opine with any reasonable specificity as to what the defective condition is that purportedly led to the fire in question. Furthermore, Mr. Diamond is not qualified to serve as an expert in this case as he does not have any experience in performing failure analysis of a projection television in the past, has never worked on a projection television for purposes of repairing it, and has not participated in the design or manufacturing process of a projection television.

Defendant SEA will file a motion in limine to preclude Plaintiff s expert Tom Zarek from testifying at trial on the basis that the proffered testimony from expert Zarek is not admissible under Rule 702 of the *Federal Rules of Evidence* and pursuant to the opinion handed down by th United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). Mr. Zarek s opinions are conclusory and not supported by data, research or testing. Mr.

Zarek claims to have ruled out all other potential ignition sources other than the subject television. However, Mr. Zarek only spoke to one of the three people who were in the house at the time of the fire. He did not account for missing appliances or heat sources and did not conduct his investigation in accordance with the basic principals of *National Fire Protection Agency* 921, an authoritative guide for the investigation of fires and explosions. SEA will further argue that purported burn testing performed by Mr. Zarek should also be excluded from trial as said testing was not conducted in a scientific manner and is not able to be recreated based upon Mr. Zarek s failure to document the testing protocol and conditions and specimens used in the testing.

Defendant SEA will file a motion for a negative inference jury instruction. The basis for said motion will be Allstate s failure to preserve key evidence from the fire scene and Allstate s failure to notify SEA of this loss when the fire scene was still available for first hand inspection.

6. Estimated time for trial two full days.

Respectfully submitted,

**SAMSUNG ELECTRONICS AMERICA, INC.**

By its Attorneys,

/s/ Thomas C. Angelone
Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE pc**
One Turks Head Place, Suite 810
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538

and

/s/ Thomas M. DeMicco
Thomas M. DeMicco, Esq.
*Admitted Pro Hac Vice*
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
3 Gannett Drive
White Plains, New York 10604-3407
(914) 323-7000
*Fax* (914) 323-7001

Dated: April 21, 2008

**CERTIFICATION**

I hereby certify that on this 21st day of April, 2007, I caused a copy of the within ***Pretrial Memorandum*** to be electronically transmitted to:

Richard M. Peirce, Esq. rpeirce@rcfp.com
jmusgrave@rcfp.com
ppost@rcfp.com

John R. Slattery, Esq. jslattery@cozen.com

/s/ Thomas C. Angelone